UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR L. MELENDEZ CRUZ, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>THOMAS M. HUDSON, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 22-10856-DJC |

## ORDER

**CASPER, J.**                                                                                   **February 15, 2023**

By Memorandum and Order dated October 11, 2022, the Court allowed Plaintiff leave to proceed *in forma pauperis*, assessed Plaintiff an obligation to make monthly filing fee payments pursuant to 28 U.S.C. § 1915(b)(2), and directed Plaintiff to file an amended complaint that sets forth plausible claims upon which relief can be granted. D. 11. The Court's Memorandum and Order explained that Plaintiff's original complaint fails to provide a plain statement of his claims as required by the Federal Rules of Civil Procedure. Id. at 3-5.

Now before the Court is Plaintiff's two-page amended complaint. D. 13. The amended complaint is captioned "amended complaint and relief remedie[s]." Id. Plaintiff indicates in the case heading that the following laws are at issue: "Mass. Gen. Laws ch. 93A, Sec 9 civil actions and remedies, class action …" Id. The body of the amended complaint simply states that for relief, Plaintiff seeks "remedies by damage economic, alimentation, malpractice health care medical in [his] condition [over the past three years]." Id. at ¶ 3. He also seeks transfer to the

custody of the Worcester County Sheriff from the Bristol County House of Correction, id. at ¶ 4 as well as a federal monitor and investigation of the Bristol County Sheriff's Office. Id. at ¶ 5.

Upon review, the Court finds Plaintiff's amended complaint is subject to dismissal. First, Plaintiff's amended complaint fails to comport with the pleading requirements of the Federal Rules of Civil Procedure. Next, to the extent Plaintiff seeks transfer to another facility, an inmate "has no justifiable expectation that he will be incarcerated in any particular prison." Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005).

Finally, to the extent that Plaintiff requests that the Court initiate an investigation regarding the Bristol County Sheriff's Office, the Court notes that it does not have the power to do so. See generally In re United States, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch").

For the foregoing reasons, it is hereby ORDERED that the amended complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

    **SO ORDERED.**

                                                                   /s Denise J. Casper
Denise J. Casper
United States District Judge